1  Antonio Gonzalez-Cruz
   150 Raley Town Center Ste 2204
2  Rohnert Park, California
   707-321-3711
3  tony_gcruz707@yahoo.com
   Plaintiff In Pro Per
4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA



10

11  Antonio Gonzalez-Cruz            ) CASE NO: CV 15    1462
                                     )
12        Plaintiff,                 )
                                     ) VERIFIED COMPLAINT FOR DAMAGES
13        vs.                        ) 47 USC § 227 et seq.
                                     ) 15 U.S.C. § 1692 et seq.
14  ARS ACCOUNT RESOLUTION SERVICES; ) CFDCPA § 1788 et seq.
                                     )
15        Defendant.                 )
                                     )
16                                   )
                                     ) DEMAND FOR TRIAL BY JURY
17                                   )

18                             **COMPLAINT**

19        Plaintiff, Antonio Gonzalez-Cruz, individually, hereby sues Defendant, ARS ACCOUNT

20  RESOLUTION SERVICES for violations of the Telephone Consumer Protection Act (TCPA)

21  Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(b)(1)(A)(iii).

22

23              **INTRODUCTION AND OPENING STATEMENT**

24        1. This is an action for damages brought by Plaintiff against Defendant for violations of

25  the Telephone Consumer Protection Act (TCPA) 47 USC Sec. 227., 47 USC § 227(b)(1)(A), 47

26  USC § 227(b)(1)(A)(iii).; Fair Debt Collection Practices Act (FDCPA) Sec. 15 USC § 1692, *et*

27  *seq*; and the California Rosenthal Fair Debt Collection Practices Act §1788 *et seq*.

28

---

VERIFIED COMPLAINT FOR DAMAGES                                    Page 1

2. Upon belief and information, Plaintiff contends that many of these practices are widespread for the Defendant.  Plaintiff intends to propound discovery to Defendant identifying these other individuals who have suffered similar violations.

3. Plaintiff contends that the Defendant has violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt.

## JURISDICTION AND VENUE

4.  Jurisdiction of this Court arises under 47 U.S.C. §227(b)(3), 15 U.S.C. § 1692, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

5.  Venue is proper pursuant to 28 U.S.C. §1391b. Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

6.  This is an action for damages which exceed $15,000.00.

## PARTIES

7.  Plaintiff, Antonio Gonzalez-Cruz, hereinafter ("Plaintiff"), is a natural person and is a resident of the State of California, mailing address at 150 Raley Town Center Ste 2204, Rohnert Park, California 94928.

8. Upon information and belief Defendant, ARS ACCOUNT RESOLUTION SERVICES,  hereinafter ("Defendant") is a corporation, authorized to do business in Florida, with main Corporate Office at 1643 North Harrison Parkway, Building H, Suite 100, Sunrise, FL 33323; with Corporation Service Company acting as Agent for Service of Process at 1201 Hays Street, Tallahassee, FL 32301-2525.

## FACTUAL ALLEGATIONS

9. From January 23, 2015 thru March 6, 2015, Defendant violated the TCPA by leaving 4 messages using automatic telephone dialing system on Plaintiffs cell phone. Defendant called

VERIFIED COMPLAINT FOR DAMAGES                                        Page 2

Plaintiff's cellular phone on January 23, 2015 @ 12:13 PM (from 707-400-6766), February 20, 2015 @ 12:10 PM (from 800-694-3048), March 2, 2015 @ 2:32 PM (from 800-694-3048), and March 6, 2015 @ 8:07 AM (from 800-694-3048), with no prior permission given by Plaintiff.

10. From January 23, 2015 thru March 6, 2015, Defendant violated the TCPA by leaving 4 messages with no prior permission given by Plaintiff.

11. From January 23, 2015 thru March 6, 2015, Defendant violated the TCPA by leaving 4 messages leaving recorded or text messages on Plaintiffs cell phone without express permission.

12. On February 23, 2015 Plaintiff sent to Defendant via certified mail a notice of intention to commence action (certified mail # 7014 0820 0001 0782 6560) for the first two calls. The mail was sent to ARS ACCOUNT RESOLUTION in Plantation, FL as it was listed in Plaintiff's credit reports (Equifax, TransUnion and Experian) as the alleged debt collector.

**COUNT I**
**VIOLATIONS OF THE TELEPHONE**
**COMMUNICATIONS ACT47 U.S.C. §227**

13. Plaintiff alleges and incorporates the information in the previous paragraphs.

14. 47 U.S.C. §227(b)(1)(A) states in part;

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

> (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

15. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular telephone service.

16. Defendant has committed 4 separate violations of 47 U.S.C. §227(b)(1)(A) and Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(C).

17. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) The last 3 calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional.  Plaintiff has sent a notice to commence action, and since then Defendant refuses and continues to violate 47 U.S.C. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

18. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by calling the Plaintiff's number, which is assigned to a cellular telephone service. The Plaintiff has never given Defendant permission to call Plaintiffs cell phone. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(C). Plaintiff and Defendant do not have an established business relationship within the meaning of 47 U.S.C. §227(a)(2).

19. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by continuing to call Plaintiff 2 times after Plaintiff sent the intent to commence action letter with total disregard and in violation of 47 U.S.C. §227.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant,

a.  actual or statutory damages, ($500 first call, $1,500 each call thereafter);

b.  punitive damages to be determined at trial;

c.  attorney's fees

d.  costs.

## COUNT II
## VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227(b)(1)(A)(iii)

20. Plaintiff alleges and incorporates the information in the previous paragraphs.

21.     Defendant has called the Plaintiffs cellular phone no less than 4 times contrary to 47 U.S.C. §227(b)(1)(A)(iii).

22. 47 U.S.C. §227(b)(1)(A)(iii) states in part;

(1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

23.     Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by calling the Plaintiff's number no less than 4 times, which is assigned to a cellular telephone service. The Plaintiff has never given Defendant permission to call Plaintiffs cellular phone. The 4 calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional.

24.     Plaintiff sent Defendant a notice of intent to commence action on February 23, 2015. Defendant refuses to cease communication and continues to violate 47 U.S.C. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

VERIFIED COMPLAINT FOR DAMAGES

Page 5

25.     Plaintiff and Defendant do not have an established business relationship within the meaning of 47 U.S.C. §227. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(C).

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant,

a.   actual or statutory damages, ($1,500 each call);

b.   punitive damages to be determined at trial;

c.   attorney's fees

d.   costs.

## COUNT III
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692c(a)(1)

20. Plaintiff alleges and incorporates the information in the previous paragraphs.

21. Defendant placed no less than 4 telephone calls to the Plaintiff's cellular telephone.

22.     Defendant knew or should have known that the phone calls made were inconvenient to the consumer.

23.     Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff's cellular phone on January 23, 2015 @ 12:13 PM, February 20, 2015 @ 12:10 PM, March 2, 2015 @ 2:32 PM, and March 6, 2015 @ 8:07 AM, with no prior permission given by Plaintiff.

24. Such communication is prohibited by 15 U.S.C. §1692c(a)(1).

25. 15 U.S.C. §1692c(a)(1) states in part;

(a)    COMMUNICATION WITH THE CONSUMER GENERALLY. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—

(1)    at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of

circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antimeridian and before 9 o'clock postmeridian, local time at the consumer's location;

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant, pursuant to 15 U.S.C. §1692,

    a.  actual or statutory damages, ($1,000 per violation);

    b.  punitive damages to be determined at trial;

    c.  attorney's fees

    d.  costs.

## COUNT IV
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692d(5)

26. Plaintiff alleges and incorporates the information in the previous paragraphs.

27.     Defendant violated 15 U.S.C. §1692d(5) by calling the Plaintiff no less than 4 times causing the Plaintiff's phone to ring repeatedly and/or continuously with the intent to annoy, abuse, or harass the Plaintiff with no prior permission given by Plaintiff.

28.     This intentional and repeated calling by Defendant has caused the Plaintiff undue stress, relationship issues, nervousness and embarrassment.

29.     15 U.S.C. §1692d(5) states in part;

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5)     Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant, pursuant to 15 U.S.C. §1692,

a.  actual or statutory damages, ($1,000 per violation);

b.  punitive damages to be determined at trial;

c.  attorney's fees

d.  costs.

### COUNT V
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692d(6)

30. Plaintiff alleges and incorporates the information in the previous paragraphs.

31.     Defendant violated 15 U.S.C. §1692d(6) by calling the Plaintiff without meaningful disclosure of the caller's identity no less than 4 times and with no prior permission given by Plaintiff.

32. 15 U.S.C. §1692d(6) states in part;

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (6)    The placement of telephone calls without meaningful disclosure of the caller's identity.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant, pursuant to 15 U.S.C. §1692,

a.  actual or statutory damages, ($1,000 per violation);

b.  punitive damages to be determined at trial;

c.  attorney's fees

d.  costs.

## COUNT VI
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692e(10)

33. Plaintiff alleges and incorporates the information in the previous paragraphs.

34.     Defendants violated 15 U.S.C. §1692e(10) by the use of a false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer.

35. 15 U.S.C. §1692e(10) states in part;

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant, pursuant to 15 U.S.C. §1692,

a.  actual or statutory damages, ($1,000 per violation);

b.  punitive damages to be determined at trial;

c.  attorney's fees

d.  costs.

## COUNT VII
## VIOLATION OF CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT), CALIFORNIA CIVIL CODE SECTON 1788-1788.3

36. Plaintiff alleges and incorporates the information in the previous paragraphs.

37. Plaintiff is a consumer within the meaning of 15 U.S.C. §1692a(3).

38. Defendant is a debt collector within the meaning of 15 U.S.C. §1692a(6).

39.    Defendant knew or should have known that they were engaging in unfair or deceptive acts or practices in the collection of consumer debts, with each of the 4 calls, in violation of California Civil Code Section §1788.1(a)(2)(b).

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant, pursuant to California Civil Code Section §1788.1(a)(2)(b) for unfair or deceptive acts or practices,

    a.   actual or statutory damages, ($1,000 per violation);

    b.   punitive damages to be determined at trial;

    c.   attorney's fees

    d.   costs.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 31st of March, 2015

Antonio Gonzalez-Cruz
150 Raley Town Center Ste 2204
Rohnert Park, California
707-321-3711
tony_gcruz707@yahoo.com
Plaintiff In Pro Per

## VERIFICATION: OF ANTONIO GONZALEZ-CRUZ

I, Antonio Gonzalez-Cruz, declare as follows:

1.   I am the Plaintiff in the above entitled matter.

2.   I am of age, sound of mind and competent to testify to facts based on first hand knowledge of above items so stated.

VERIFIED COMPLAINT FOR DAMAGES

Page 10

3. I have been damaged financially, socially and emotionally as a result of Defendant's unlawful actions and violations as stated in the attached complaint..

4. I have read the foregoing pleading and know the facts therein stated to be true and correct.

5. I declare, under penalty of perjury pursuant to the laws of California, that the foregoing is true and correct to the best of my knowledge, information and belief.

*TGC*

Antonio Gonzalez-Cruz